IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELISSA PANICO, et al., | No. C -11-02378 EDL |
| Plaintiffs, | **ORDER RE: PLAINTIFF'S MOTION TO QUASH SUBPOENA** |
| v. | |
| BDR THERMEA, et al., | |
| Defendants. | |

In this personal injury case, Plaintiffs are the mother and minor brother of a child, who was severely burned after touching a glass-enclosed fireplace in the family home when she was eleven months old. Defendant Miles Industries allegedly designed, manufactured and sold the fireplace. On April 27, 2012, Defendant served a subpoena on Dr. Michael Klein, a psychologist, for Plaintiff Melissa Panico's psychotherapy records. Plaintiff has moved to quash that subpoena.[1] Because this matter is appropriate for decision without oral argument, the August 21, 2012 hearing is vacated.

**Background**

Plaintiffs allege that Defendants designed, manufactured, distributed and sold a Valor brand direct vent, room-sealed, glass front gas fireplace listed as Model No. Ventana 1200EAN that was designed and manufactured so as to reach unreasonably high temperatures capable of causing third degree burns after only momentary contact with the glass front while, and for a substantial period of time after, the fireplace was in operation. Compl. ¶¶ 4, 5, 12. One of these fireplaces was installed in Plaintiffs' home located in San Francisco where it caused severe burns to minor Signe Whelan on

---

[1] The Court is troubled by Plaintiff's counsel's admitted failure to meet and confer with Defendant's counsel prior to filing this motion as required by the Civil Local Rules. See Civil L.R. 37-1(a). While the Court declines to deny this motion based on the failure to meet and confer, Plaintiff is cautioned that any future failure to meet and confer in advance of filing a discovery motion may well result in denial of that motion.

July 27, 2010. Compl. ¶¶ 4, 11.

On February 22, 2012, Melissa Panico verified her responses to interrogatories propounded by Defendant. Preston Decl. Ex. C. Interrogatory 15 sought identification of health care providers:

> If you received any consultation or examination or treatment from a health care provider for any injury you attribute to the incident, for each health care provider, please state:
>
> (a) the name, address and telephone number;
> (b) the type of consultation, examination or treatment provided;
> (c) the dates you received consultation, examination or treatment; and
> (d) the charges to date.

Preston Decl. Ex. C. In response, Plaintiff stated in relevant part:

> (a) therapy
> (c) $200/month approximately $3,600 since injury
>     Dr. Michael Klein
>     801 Portola #209
>     San Francisco, CA 94127'

Id. Accordingly, on April 27, 2012, Defendant served a subpoena on Dr. Klein seeking:

> Any and all documents and medical records, and all writings, including, but not limited to, all office, emergency room, inpatient, outpatient, and hospital charts and records; any and all original x-rays, CT-scans, and MRI films, a complete list of film and/or digital diagnostic imaging inventory; any and all billing charges and insurance records, explanation of benefits, billing off-sets, and records of payment, including, but not limited counseling, testing, and/or therapy records, pertaining to the care, treatment and examination of Melissa Panico, DOB: 1/30/1967, SSN XXX-XX-5397.

Preston Decl. Ex. E. In support of this motion to quash, Dr. Klein filed a declaration stating that he had not provided any type of counseling or psychotherapy to Plaintiff since 2006. Klein Decl. ¶ 4.

In the meantime, on May 25, 2012, Plaintiff supplemented her response to interrogatory 15 to list her health care providers related to the incident as Dr. Rodin and Dr. Ronald Haimowitz. Wolden Reply Decl. Ex. 1. Plaintiff states in her reply that her original response to interrogatory 15 stating that Dr. Klein provided therapy after Signe's injury was in error, and that she is not claiming any cost for treatment by Dr. Klein.

**Legal standard**

Under Federal Rule of Civil Procedure 45(a)(1)(c), any party may serve a subpoena commanding a nonparty "to produce documents, electronically stored information, or tangible things . . . ." Fed. R. Civ. P. 45(a)(1)(C). The subpoena may command the production of documents which

2

1 are "not privileged" and are "relevant to any party's claim or defense" or "reasonably calculated to
2 lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). Upon a timely motion, the
3 court issuing such a subpoena shall quash or modify it if it determines that the subpoena "requires
4 disclosure of privileged or other protected matter, if no exception or waiver applies." Fed. R. Civ. P.
5 45(c)(3)(A)(iii).

6 Privacy rights in medical records are neither fundamental nor absolute. Lambert v. Robles,
7 2009 WL 1505161, *2 (S.D. Cal. May 28, 2009); see also Soto v. City of Concord, 162 F.R.D. 603,
8 618-19 (N.D. Cal. 1995). Further, when a plaintiff places his medical status at issue, the expectation
9 to privacy to those conditions is diminished. Lambert, 2009 WL 1505161 at *2.

10 **Discussion**

11 Because this Court's jurisdiction over this action is based on diversity jurisdiction, state law
12 privileges apply. See Fed. R. Evid. 501 (". . . in civil actions and proceedings, with respect to an
13 element of a claim or defense as to which State law supplies the rule of decision, the privilege of a
14 witness, person, government, State, or political subdivision thereof shall be determined in
15 accordance with State law."). Confidential communications between a patient and his or her
16 psychotherapist are privileged under California law. See Cal. Ev. Code § 1014. There is no
17 privilege, however, "as to a communication relevant to an issue concerning the mental or emotional
18 condition of the patient if such issue has been tendered by: (a) the patient[.]" Cal. Ev. Code § 1016.
19 "[S]ection 1016 of the Evidence Code compels disclosure of only those matters which the patent
20 himself has chosen to reveal by tendering them in litigation." In re Lifschutz, 2 Cal. 3d 415, 426
21 (1970). This patient-litigant exception "allows only a limited inquiry into the confidences of the
22 psychotherapist-patient relationship, compelling disclosure of only those matters directly relevant to
23 the nature of the specific 'emotional or mental' condition which the patient has voluntarily disclosed
24 and tendered in his pleadings or in answer to discovery inquiries." Id. at 431.

25 Here, Plaintiff does not dispute that her mental condition is at issue, but argues that her
26 emotional distress claim is related only to her bystander claims arising from witnessing her
27 daughter's injuries. Mot. at 7; Reply at 3. Plaintiff argues that her pre-marriage counseling is not
28 relevant to that experience or to the therapy she has received since the date of the incident. Mot. at

3

7. Thus, Plaintiff argues that the subpoena should be quashed on the grounds that it seeks irrelevant records because Dr. Klein's treatment of Plaintiff was limited to pre-marriage counseling that ended in 2006. Klein Decl. ¶ 4. In the reply, Plaintiff's counsel states that he has reviewed Dr. Klein's records and confirms that they address pre-marital counseling provided to Plaintiff and her husband jointly, and that there does not appear to be any indication of a pre-existing disorder or psychological issues that would be relevant to the emotional distress Plaintiff alleges that she suffered upon seeing her daughter burned. See Wolden Reply Decl. ¶ 2.

Defendant, however, argues that Plaintiff has provided documents in discovery that indicate that she intends to identify issues within her marriage as a manifestation of her emotional condition that is at issue in this case. Preston Decl. Ex. D. Therefore, Defendant argues that even if Dr. Klein has not provided counseling or psychotherapy to Plaintiff since 2006, his records are still relevant because Plaintiff intends to bring up issues in her marriage as part of her emotional distress.

Any connection between Plaintiff's pre-marital therapy and her emotional distress at issue in this case appears to be somewhat remote in time and tenuous at best. However, if Plaintiff intends to identify issues within her marriage as injuries that she suffered as a result of her emotional distress arising from the incident in this case, it is possible that some of Dr. Klein's records may be relevant. Therefore, the Court will review the records in camera. Plaintiff shall lodge the records with the Court no later than August 17, 2012. If Plaintiff does not intend to seek damages for emotional distress relating to issues within her marriage following the burning of her child, she must so inform the Court and Defendant as soon as possible, and in that case, need not lodge the documents for in camera review.

IT IS SO ORDERED.

Dated: August 6, 2012

ELIZABETH D. LAPORTE
United States Magistrate Judge

4